UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:16-cr-00250-TWP-MJD-1 |
| ) | |
| DARYL ALBERTSON, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON DEFENDANT'S SECOND EMERGENCY
MOTION TO REOPEN DETENTION ORDER**

This matter is before the Court on Defendant Daryl Albertson's ("Albertson") Second Emergency Motion to Reopen Pretrial Detention Order ([Filing No. 175](#)). In his Motion, Albertson asks the Court to revisit his detention status primarily because he has not obtained appropriate medical care while in custody. For the reasons stated below, the motion to reopen the detention order is **granted**, but the request for release is **denied**.

**I. BACKGROUND**

On November 15, 2016, a single-count Indictment was filed alleging Daryl Albertson, Anthony Plymate, Jessica Dreyer, Falisha Shatz, Daniel Butcher and Keith Golay, conspired to possess with intent to distribute, and distributed 500 grams or more of methamphetamine (mixture), in violation of 21 U.S.C. §§ 841(a)(1) and 846. On November 23, 2016, Albertson appeared for his initial hearing in person and by CJA counsel. During the hearing, the Magistrate Judge advised Albertson of his right to pretrial release under terms and conditions to ensure his appearance for trial. The record reflects the Government orally motioned for Albertson's detention pursuant to 18 U.S.C. § 3142(f). The Magistrate Judge questioned Albertson's counsel on whether he would be seeking a detention hearing, and counsel responded that he would not. Albertson

waived his right to a hearing and the Magistrate Judge granted the Government's oral Motion for Pretrial Detention. Additionally, a written waiver dated November 23, 2016 was signed by Albertson and his counsel.

On August 18, 2017, a Petition to Enter Plea of Guilty and Plea Agreement was filed in which Albertson intends to plead guilty as charged in Count 1 of the Superseding Indictment. ([Filing No. 113](#).) On November 16, 2017, Albertson filed the Emergency Motion to Reopen Pretrial Detention Order. ([Filing No. 160](#).) A hearing was held on November 21, 2017 which resulted in the Court issuing its Order Granting Defendant's Request for Medical Evaluation, Care and Treatment directing that the United States Marshal Service shall facilitate all such medical evaluations, care, and subsequent treatments for Albertson as indicated in the Order, to the best of their ability considering their resources. ([Filing No. 165](#).) On December 20, 2017, Albertson filed a Second Emergency Motion to Reopen Pretrial Detention Order, the instant motion, alleging his health has continued to deteriorate and he is in need of medical attention which requires release from custody. In response to the Motion, the Government asserts that detainment should continue because Albertson presents both a risk of flight and a danger to others and to the community.

## II.  FINDINGS OF FACT

Albertson is charged in a one-count Superseding Indictment returned by a federal grand jury that charges him with Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846. The statutory penalty for the drug offense charged is ten years to life imprisonment. *See*, 21 U.S.C. § 841(b)(1). The parties agree that a presumption for detention exists. The Court takes judicial notice of the Superseding Indictment and all documents filed in this case, and incorporates the evidence and argument presented in prior hearings. At the detention hearing, counsel for Albertson

proceeded by proffer. Counsel proffered that Albertson suffers from an autoimmune condition, he is in constant pain, which affects his ability to work with counsel and may be affecting his mental state. While the Marshal services and county jail officials have made efforts to arrange medical care, those efforts have not been successful. Albertson's wife and several family members are supportive, available and willing to assist him in receiving immediate medical care and treatment with a physician if he is released. The Court granted Albertson's oral motion that the Court incorporate all prior evidence, pleadings and documents in the record.

Counsel for the Government presented testimony from Task Force Officer Chris Smith and offered into evidence exhibits 1-17. The Pre-Trial Services Report and Presentence Investigation Report regarding Albertson indicate that he was not employed at the time of his arrest, he has a history of substance abuse, and misdemeanor criminal convictions for operating while intoxicated, criminal mischief, and battery. Albertson has failed to appear in court when ordered to do so on two occasions.

The factors presented for the Court's consideration are as follows. After installing a pole camera outside of Albertson's residence in late September 2016, FBI agents learned he was dealing methamphetamine out of his garage. Agents intercepted numerous requests for methamphetamine made to Albertson's cellular telephone. On November 17, 2016, Albertson's home and garage were searched pursuant to a federal search warrant. During the search, agents found 159 grams of methamphetamine, marijuana, cocaine, 54 firearms, ammunition and $34,105.00 cash. Importantly, several firearms, ammunition, illegal drugs and money were located within close proximity inside the garage. The Government contends that it will be able to prove that Albertson distributed between 15 kilograms and 45 kilograms of methamphetamine.

Government's Exhibit 1 is a recording of a telephone conversation between Albertson and

3

his wife on an occasion prior to his arrest. In the recording, Albertson threatened to "shoot everybody in the house" tear up his wife's truck and "kill everybody in the house". Albertson proceeded to disable his wife's vehicle, but later made the repairs.

### III. LEGAL STANDARD

The procedures governing detention hearings are set forth in the Bail Reform Act, 18 U.S.C. §3142, *et. seq*. Upon motion by the government in a case where a defendant is eligible for detention, the court must hold a detention hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. *See* 18 U.S.C. §3142(f). In determining whether there are conditions of release that will reasonably assure a defendant's appearance and the safety of any other person and the community, the court must take into account the following factors under 18 U.S.C. § 3142(g):

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . ;

(2) the weight of the evidence against the accused;

(3) the history and characteristics of the person, including—

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g)(1)-(3)(A), (B), and (4).

## IV. CONCLUSIONS OF LAW

The Court has considered the evidence presented on the issue of release or detention and weighed both in accordance with the factors set forth in 18 U.S.C. § 3142(g) and the legal standards set forth above. Among the factors presented for the Court's consideration is Albertson's character, his family ties, employment, financial resources, medical and mental condition, community ties, past conduct, criminal history and the record concerning court appearances. *See* 18 U.S.C. § 3142(g)(3)(A).

Detention may be based on a showing of either dangerousness or risk of flight; proof of both is not required. *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985). With respect to reasonably assuring the appearance of the defendant, the United States bears the burden of proof by a preponderance of the evidence. *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985); *United States v. Leibowitz*, 652 F.Supp. 591, 596 (N.D. Ind. 1987). With respect to reasonably assuring the safety of any other person and the community, the Government bears the burden of proving its allegations by clear and convincing evidence. 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739, 742, 107 S.Ct. 2095, 2099, 95 L.Ed.2d 697 (1987); *Portes*, 786 F.2d at 764. Clear and convincing evidence is something more than a preponderance of the evidence but less than proof beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 431-33, 99 S.Ct. 1804, 1812-13, 60 L.Ed.2d 323 (1979).

The standard for pretrial detention is "reasonable assurance"; a court may not order pretrial detention because there is no condition or combination of conditions which would guarantee the defendant's appearance or the safety of the community. *Portes*, 786 F.2d at 764 n. 7. If at the conclusion of the hearing the court determines that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person

and the community, the defendant must be detained pending trial. *Id.* §3142(e) and (f).

The only justification offered by Albertson for withdrawing his waiver of detention is that he desires medical treatment. Importantly, the Court has ordered medical treatment and evaluation and that order remains in effect. The instant request for release or a detention hearing does not allege that Albertson's waiver was not made knowingly, voluntarily and intelligently, and identifies no new information that was not known to him at the time that he waived a detention hearing. The Government has proffered sufficient basis for the detainment of Albertson and has shown that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

The factors supporting this conclusion are the charges in the Superseding Indictment, which reflect Albertson's involvement in a methamphetamine trafficking conspiracy. The grand jury's indictment and Albertson's plea agreement demonstrate a strong probability of conviction. Albertson's conduct in the wiretapped calls—including his threat to kill everyone in his home when he had the means to do so[1]—the pole camera investigation, as well Albertson's criminal history, demonstrate the seriousness of danger to the community that Albertson represents.

The Court having weighed the evidence regarding the factors found in 18 U.S.C. § 3142(g), and based upon the totality of evidence set forth above, finds that the Government has shown by clear and convincing evidence that Albertson is a danger to others and the community. The Court concludes that Albertson is not is a serious risk of flight. Based on his history, characteristics, and past and present conduct, the Court finds that no conditions or combination of conditions exist which would overcome the unacceptable risk that Albertson's release poses a danger to the community.

---

[1] The search of Albertson's home and garage recovered fifty-four firearms and a large quantity of ammunition.

For the reasons stated above, the Second Emergency Motion to Reopen Detention Order ([Filing No. 175](#)) is **GRANTED**, so far as a detention hearing has been held; however, the request for release is **DENIED**. Albertson is remanded to the custody of the United States Marshal pending disposition of this matter.

The Court reiterates that the Order Granting Defendant's Request for Medical Evaluation, Care and Treatment ([Filing No. 165](#)) remains in effect. The United States Marshal Service shall continue to facilitate all such medical evaluations, care, and subsequent treatments for Albertson as indicated in the Order, to the best of their ability considering their resources.

**SO ORDERED.**

Date: 1/12/2018

*[Signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kathryn Y. Dinardo
DINARDO LAW P.C.
kate@dinardolawoffice.com

Michelle P. Brady
UNITED STATES ATTORNEY'S OFFICE
michelle.brady@usdoj.gov

Peter A. Blackett
UNITED STATES ATTORNEY'S OFFICE
peter.blackett@usdoj.gov