UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:16-cr-00250-TWP-MJD |
| DARYL ALBERTSON, | ) ) | -01 |
| Defendant. | ) ) | |

**ORDER DENYING FIRST STEP ACT MOTION WITHOUT PREJUDICE**

Defendant Daryl Albertson, represented by counsel, filed an "Emergency Motion for Release From Detention Based Upon the COVID-19 Pandemic." Dkt. 262. The Court construes the motion as a request for compassionate release under Section 603 of the First Step Act of 2018 (the "First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018), which is codified at 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 127. Mr. Albertson has not demonstrated that he is eligible for release or that the Court should grant his request. Thus, his motion is **denied without prejudice**.

**Background**

In 2018, the Court sentenced Mr. Albertson to 130 months in the custody of the Bureau of Prisons ("BOP"). Dkt. 203. He is currently incarcerated at FCI Morgantown. Dkt. 262 at 12.

He now asks the Court to allow him to serve the remainder of his custodial sentence in Indianapolis, where he would live with his wife. *Id.* at 13. He contends that the Court has the authority to grant this relief under 18 U.S.C. § 3582(c)(1)(A)(i) based on the "exceptional circumstance" created by the COVID-19 pandemic. *Id.* at 13–17. Specifically, he represents that he has a number of medical conditions that make may put him at a higher risk for severe illness from COVID-19, including rheumatoid arthritis and pre-diabetes. *Id.* at 9–11. He represents that he sent a request for compassionate release to the warden at FCI Morgantown via electronic mail.

*Id.* at 18. Mr. Albertson does not provide the date when he emailed his compassionate release request to the warden. He represents that his request has not been denied and acknowledges that 30 days have not yet elapsed since he made the request. *Id.* Mr. Albertson states, without citation to authority, that "it is reasonable for the Court to overlook the normal procedural guidelines" in light of the urgency of the situation created by the COVID-19 pandemic. *Id.*

**Discussion**

Mr. Albertson's motion is denied for several reasons.

First, he has not exhausted his administrative remedies or established a basis on which the exhaustion requirement can be waived. Section 603(b) of the First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A)(i), provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release wit or without conditions that does not exceed the unserved portion of the original term of imprisonment) [under certain conditions] if it finds that . . . extraordinary and compelling reasons warrant such a reduction[.]

Under this provision, a request for compassionate release requires that Mr. Albertson exhaust his administrative remedies as set forth in the statute. *Id.*

Mr. Albertson admittedly has not exhausted his administrative remedies and asks the Court to "overlook" the requirement. Dkt. 262 at 18. But multiple courts have concluded that a district court cannot entertain a First Step Act motion unless a defendant has exhausted his administrative remedies—even in the face of the COVID-19 pandemic. *See, e.g., United States v. Raia*, __ F.3d __, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020) (concluding that failure to exhaust administrative remedies for request for compassionate release based on COVID-19 pandemic

2

presented "a glaring roadblock foreclosing compassionate release at this point" and that "strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance"); *United States v. Johnson*, No. RDC-14-0441, 2020 WL 1663360, at *3–6 (D. Md. Apr. 3, 2020) (denying request for compassionate release based on COVID-19 pandemic; concluding that § 3582(c)(1)(A)'s exhaustion requirement is jurisdictional and, regardless, there are no exceptions to the exhaustion requirement); *United States v. Zywotko*, No. 2:19-cr-113-FtM-60NPM, 2020 WL 1492900, at *1–2 (M.D. Fla. Mar. 27, 2020) (denying request for compassionate release based on COVID-19 pandemic because defendant failed to exhaust administrative remedies); *but see United States v. Zukerman*, No. 16 Cr. 194 (AT), 2020 WL 1659880, at *2–6 (S.D.N.Y. Apr. 3, 2020) (granting request for compassionate release based on COVID-19 pandemic and waiving exhaustion requirement based on Second Circuit precedent). Mr. Albertson has not established that the Court has the power to ignore the administrative exhaustion requirement.

Second, Mr. Albertson asks that the Court allow him to serve the remainder of his sentence on home confinement. Dkt. 262 at 18–19. Section 3582(c)(1)(A)(i) does not, however, explicitly allow a district court to order that an already-sentenced inmate serve his sentence on home confinement. Instead, it only allows the court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). At least one district court has concluded that it lacks the authority to designate home confinement, finding that the Bureau of Prisons alone has the statutory authority to choose the location where prisoners serve their sentences. *United States v. Garza*, No. 18-CR-1745-BAS, 2020 WL 1485782, at *1 (S.D.

Cal. Mar. 27, 2020). Mr. Albertson has not established that the Court has the power to grant him the relief he seeks.

Finally, Mr. Albertson represents that he has various medical conditions, but he has not provided any supporting documentation. The Court will not grant compassionate release on medical grounds without documentation of an inmate's current medical condition.

Accordingly, Mr. Albertson's motion for compassionate release, dkt. [262], is **denied without prejudice**. A renewed motion must address the issues identified in this Order.

**IT IS SO ORDERED**

Date: 4/8/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

**Distribution:**

All Electronically Registered Counsel